## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**HAROLD B. HOLLOWAY**                                                  **PETITIONER**

**VS.**                      **CASE NO.: 5:15CV00156 BSM/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**[1]                             **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller.  Mr. Holloway – or any party – may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

---

[1] The named Respondent in this matter is Ray Hobbs.  Under Rule 2 of the Rules Governing § 2254 Cases in United States District Courts, the proper Respondent is the state officer who has custody of Mr. Holloway.  That officer is now Wendy Kelley, Director of the Arkansas Department of Correction.  Accordingly, the Clerk is instructed to substitute Director Kelley as the Respondent.

## II. Introduction

Petitioner Harold Holloway is a longtime resident of the Arkansas Department of Correction due to multiple convictions for burglary, theft of property, forgery, breaking and entering, and escape. According to Mr. Holloway, he is currently serving his final sentence, for murder as a habitual offender. (docket entry #2) His murder conviction and sentence occurred in November, 1990. (#2, p. 1)

Mr. Holloway challenged his murder conviction, eventually filing an unsuccessful federal petition for writ of habeas corpus. *Holloway v. Norris*, 5:94CV116 JFF (E.D.Ark. dismissed June 17, 1994). After dismissal, the Eighth Circuit Court of Appeals denied Mr. Holloway's application for certificate of probable cause to appeal. *Id*. at docket entry #20.

On April 8, 2015, Mr. Holloway filed a civil rights complaint under 42 U.S.C. § 1983. *Holloway v. Hobbs, et al.*, 5:15CV106 JLH/BD (E.D.Ark. filed Apr. 8, 2015). Mr. Holloway initially requested the Court consolidate this habeas action with his § 1983 case. *Id*. at docket entry #4. After the Court denied this request and an appeal, he asked to sever the cases. *Id*. at docket entry #7, #8, #13, and #15. The Court granted this request, and the Clerk opened this separate habeas action. *Id*. at docket entry #18.

Mr. Holloway is facing several obstacles to proceed. First, he has not filed a motion to proceed *in forma pauperis* in this separate case. Second, he has not stated a basis for habeas relief. Third, and most importantly, this is an unauthorized second or

successive habeas petition. For this reason, the Court should DENY and DISMISS Mr. Holloway's petition, without prejudice.

## III. Discussion

Mr. Holloway's only ground for habeas relief is "abuse of the use of hypnosis." (#2) This allegation fails to provide a basis for habeas relief. The Court would generally give Mr. Holloway an opportunity to amend his petition. In this case, however, the Court lacks jurisdiction to hear a challenge to Mr. Holloway's conviction.

As Mr. Holloway admits, he has already challenged his murder conviction through a federal habeas petition. (#2, p. 4) See *Holloway v. Norris*, 5:94CV116 JFF (E.D.Ark. dismissed June 17, 1994). Before filing a second or successive habeas corpus petition in a district court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2] Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is "successive" because Mr. Holloway has already filed a petition raising the same issue ("abuse of the use of hypnosis") and challenging the same conviction (murder). (#2, p. 4) There is nothing in the record to indicate that Mr. Holloway sought and received authorization from the court of appeals before filing this successive petition. Without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

## IV.    Conclusion

The Court recommends that Judge Miller DENY and DISMISS Harold Holloway's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. The Court further recommends that Judge Miller deny a certificate of appealability.

DATED this 3rd day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE